T.C. Memo. 2005-215

UNITED STATES TAX COURT

JAMES R. DOWNEY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20678-03.          Filed September 14, 2005.

James R. Downey, pro se.

Jason M. Kuratnick, for respondent.

MEMORANDUM OPINION

MARVEL, Judge:  This matter is before the Court on
respondent's motion to dismiss for lack of prosecution.  In a
notice of deficiency dated September 9, 2003, respondent
determined a deficiency in petitioner's Federal income tax for
2000 of $43,828, and additions to tax for 2000 under section

6651(a)(1)[1] of $8,034.75, under section 6651(a)(2) of $4,463.75, and under section 6654(a) of $1,872.10.

Background

Petitioner did not file a timely Federal income tax return for 2000.  By a notice of deficiency dated September 9, 2003, respondent determined an income tax deficiency and additions to tax under sections 6651(a) and 6654 with respect to petitioner's 2000 taxable year.

On December 3, 2003, we filed petitioner's petition contesting respondent's notice of deficiency for petitioner's 2000 taxable year.  Petitioner resided in Howell, New Jersey, when his petition was filed.  The petition cryptically asserts as errors "1.  Improper filing status" and "2.  No deductions given for family or home/mortgage/property tax."  The petition does not assert that respondent's determinations of petitioner's gross income or additions to tax for 2000 were in error.

On January 9, 2004, we filed respondent's answer.  In his answer, respondent conceded the section 6651(a)(2) addition to tax but alleged that the section 6651(a)(1) addition to tax should be increased by $1,600 to $9,634.75.

On April 1, 2004, we issued a notice setting case for trial, which set this case for trial during the Court's September 7,

---

[1]All section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

2004, trial session in Philadelphia, Pennsylvania. Accompanying the notice was the Court's standing pretrial order, which directed the parties to begin preparing the case for trial or settlement and warned the parties that "Continuances will be granted only in exceptional circumstances." The pretrial order also ordered the parties to take specific steps to prepare for trial and contained the following warning: "The Court may impose appropriate sanctions, including dismissal, for any unexcused failure to comply with this Order. See Rule 131(b)." During a pretrial conference call held on August 24, 2004, petitioner acknowledged that he had received the standing pretrial order.

On June 15, 2004, respondent's counsel sent petitioner a letter in which he informed petitioner that his case was scheduled for trial during the September 7, 2004, trial session, explained the consequences of not appearing for trial, and set a conference date for June 29, 2004. On June 21, 2004, respondent received a letter from petitioner in which petitioner made several arguments regarding the constitutionality of the Internal Revenue Code and stated that he did not intend to appear at the June 29 conference.

On June 24, 2004, respondent's counsel sent petitioner another letter and a proposed stipulation of facts. The letter offered petitioner another opportunity for a conference to review

the stipulation of facts. Petitioner did not request a conference or execute the stipulation of facts.

On August 24, 2004, a conference call was held with the parties regarding the pretrial preparation problems. During the conference call, petitioner requested a continuance, ostensibly to obtain counsel. Because of petitioner's repeated failure to respond to letters from respondent's counsel, his refusal to attend a stipulation conference and otherwise to cooperate in preparing a stipulation of facts, and his failure to comply with the Court's standing pretrial order, we denied petitioner's request for a continuance but advised him that he could renew his request for a continuance at the calendar call on September 7, 2004, if he took meaningful steps to obtain counsel and/or demonstrated his willingness to cooperate in preparing his case for trial.

Following the conference call, respondent's counsel attempted to contact petitioner by telephone without success. On August 25, 2004, respondent's counsel sent petitioner another letter and another copy of the stipulation of facts. Respondent's counsel requested petitioner to contact him regarding the stipulation of facts, but petitioner failed to do so.

On August 31, 2004, respondent's counsel received a letter and a "Notice of Appeal" from petitioner in which he again requested a continuance.

On September 7, 2004, during calendar call, both respondent's counsel and petitioner appeared and were heard. Respondent's counsel reported that there had been no progress in preparing the case for trial and that petitioner continued to refuse to discuss a stipulation of facts. Petitioner stated that he could not make any significant progress without counsel. Respondent's counsel requested that the case be set for trial during the trial session, noting that petitioner had had sufficient time to secure counsel and to prepare for trial. A trial was set for September 10, 2004.

Subsequently, at petitioner's request, the case was recalled on September 7, 2004, for a pretrial conference. During the pretrial conference, petitioner claimed that he had paid expenses for a startup business during 2000 and that he had receipts for the expenses, but he did not produce them. He also admitted that he was employed as a technical manager for two companies, Enable Vision and Geo Works, that he had received a salary from both companies during 2000, and that he had received a Form W-2, Wage and Tax Statement, from each company. Petitioner continued to insist that he would not produce documents or appear for trial without counsel.

On September 10, 2004, the case was called for trial. Petitioner did not appear. Respondent's counsel represented to the Court that he had spoken with petitioner on September 9, 2004, that petitioner had stated he would fax copies of his documentation to respondent's counsel, and that petitioner had asked him to agree to a continuance. Respondent's counsel told petitioner that he would discuss the continuance with him on September 10, 2004, but petitioner refused to appear on September 10, 2004. Respondent's counsel advised petitioner that, if petitioner did not appear, he would move to dismiss petitioner's case. Petitioner stated that he would fax his documentation to respondent's counsel, but the promised documentation was not received.

On September 10, 2004, respondent submitted to the Court a motion to dismiss for lack of prosecution, which was served by mail on petitioner on September 10, 2004, and filed on September 13, 2004. On October 25, 2004, we received and filed petitioner's response to the motion to dismiss.

On March 7, 2005, we held a conference call with the parties to discuss the case status and, particularly, a copy of what purported to be petitioner's Federal income tax return for 2000 that petitioner had mailed to the Court. Petitioner's purported 2000 return did not include any of the wages that petitioner had admitted receiving during 2000 and asserted a claim to an

overpayment.  During the conference call, petitioner confirmed that he had not retained counsel or produced any documentation to respondent concerning his 2000 income or expenses.

On March 14, 2005, we received a document from petitioner entitled "MOTION FOR REDETERMINATION OF ZERO", which we filed on that date as petitioner's Motion for Entry of Decision.  In the motion, petitioner alleges that on February 9, 2005, he had submitted a Federal income tax return for 2000 to respondent that "documented petitioner's position in discovery of W-2 errors and correcting the record regarding said W-2 errors concluding with a zero tax liability."  By order dated March 16, 2005, we denied petitioner's motion.

## Discussion

The Court may dismiss a case at any time and enter a decision against the taxpayer for failure properly to prosecute his case, failure to comply with the Rules of the Court or any order of the Court, or for any cause that the Court deems sufficient.  Rule 123(b).  Dismissal is appropriate where the taxpayer's failure to comply with the Court's Rules and orders is due to willfulness, bad faith, or fault.  Dusha v. Commissioner, 82 T.C. 592, 599 (1984).  In addition, the Court may dismiss a case for lack of prosecution if the taxpayer inexcusably fails to appear at trial and does not otherwise participate in the resolution of his claim.  Rule 149(a); Rollercade, Inc. v.

Commissioner, 97 T.C. 113, 116-117 (1991); Smith v. Commissioner, T.C. Memo. 2003-266, affd. sub nom. Hook v. Commissioner, 103 Fed. Appx. 661 (10th Cir. 2004).

Petitioner has disregarded the Court's Rules and standing pretrial order by failing to cooperate meaningfully with respondent to prepare this case for trial. Petitioner's pattern of failing to appear for scheduled conferences, failing to respond to respondent's correspondence, and ignoring respondent's requests for production of records made it impossible for the parties to exchange information, conduct negotiations, or prepare and finalize a stipulation of facts before trial. Petitioner's multiple requests for continuance made less than 30 days before the beginning of the September 7, 2004, trial session, which failed to allege exceptional circumstances as required by Rule 133, further underscore what appears to have been an intentional attempt on the part of petitioner to unreasonably delay the proceedings. See Williams v. Commissioner, 119 T.C. 276, 279-280 (2002).

Petitioner was repeatedly warned by respondent's counsel and by the Court of the consequences of failing to prepare for trial and of failing to appear at trial. Despite those warnings, petitioner repeatedly failed to make any reasonable effort to demonstrate his good faith and his willingness to prepare his case for trial. Although petitioner asserted that he wanted to

retain counsel to represent him in this case, petitioner did not take meaningful steps to obtain counsel or to document any attempt on his part to obtain counsel, although he had plenty of opportunities to do so. We conclude from these circumstances that petitioner's claim that he intended to retain counsel was simply another misguided attempt to avoid the reality of his tax case.

Finally, although petitioner did appear at the calendar call held on September 7, 2004, during which he argued yet again for a continuance, the arguments that he made at that time ignored the multiple warnings that he had received from the Court and respondent's counsel to demonstrate his willingness to prepare in good faith for trial and to abide by the Court's Rules and standing pretrial order. Petitioner, who was well aware of the trial date for his case, also failed to appear for trial. For all of these reasons, we find that petitioner has failed to comply with the Court's Rules and orders and has failed properly to prosecute this case. See Rollercade, Inc. v. Commissioner, supra at 116-117.

Rule 34(b)(4) requires that a petition in a deficiency action shall contain "clear and concise assignments of each and every error" that the taxpayer alleges the Commissioner committed in the determination of the deficiency and the additions to tax in dispute. Rule 34(b)(5) requires that the petition contain

clear and concise lettered statements of the facts upon which the taxpayer bases the assignments of error. <u>Funk v. Commissioner</u>, 123 T.C. 213, 215 (2004); <u>Jarvis v. Commissioner</u>, 78 T.C. 646, 658 (1982). We deem the parties to concede any issue, including additions to tax, not raised in the pleadings. Rule 34(b)(4); <u>Funk v. Commissioner</u>, <u>supra</u> at 215; <u>Jarvis v. Commissioner</u>, <u>supra</u> at 658 n.19.

In his petition, petitioner did not contest any of the income items attributed to him in the notice of deficiency or contest the additions to tax, and he conceded in open Court that he received wages during 2000. Petitioner only contested the filing status used by respondent in the notice of deficiency to compute petitioner's Federal income tax liability for 2000 and the failure of respondent to allow any deductions for "Family or home/mortgage/property tax."[2] Petitioner has not raised any issue on which respondent has the burden of proof. See Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933) (Commissioner's determinations in the notice of deficiency are presumed correct; taxpayer bears the burden of proving them

---

[2]Respondent conceded during the pretrial conference that petitioner was entitled to an itemized deduction for mortgage interest of $11,413 in lieu of the standard deduction used in the notice of deficiency. We shall require respondent to submit a revised calculation of the income tax deficiency and additions to tax and a proposed decision consistent with respondent's concession.

wrong).[3]  Although respondent concedes that he has the burden of proof with respect to the increased addition to tax under section 6651(a)(1), Rule 142, respondent has carried that burden of proof by introducing into evidence certified copies of Form 4340, Certificate of Assessments and Payments, with respect to petitioner's 2000 taxable year, establishing that petitioner did not file a timely Federal income tax return for 2000, and by petitioner's failure to contest in his petition the items of gross income that were reported on Forms W-2 and 1099 and enumerated in the notice of deficiency.  We also conclude that, because petitioner is deemed to have conceded the issue of his liability for the additions to tax by his failure to contest that liability in his petition, respondent has no burden of production under section 7491(c) with respect to the additions to tax.  See Funk v. Commissioner, supra; Swain v. Commissioner, 118 T.C. 358, 363-364 (2002).

To reflect the foregoing,

An appropriate order of dismissal and decision will be entered.

---

[3]Because petitioner has not introduced any credible evidence with respect to any factual issue and has failed to cooperate with respondent's requests for information, documents, and meetings, the burden of proof does not shift to respondent.  See sec. 7491(a).