T.C. Summary Opinion 2005-171

UNITED STATES TAX COURT

GEORGES Z. ZAKHEM, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10753-04S.                    Filed November 21, 2005.

Georges Z. Zakhem, pro se.

Frederick J. Lockhart, Jr., for respondent.

DEAN, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code of 1986, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined the following deficiencies in and additions to petitioner's Federal income taxes for 1995, 1996, and 1997:

|        |            | Additions to Tax Under Sections | | |
|--------|------------|-----------|-----------|------|
| Year   | Deficiency | 6651(a)(1) | 6651(a)(2) | 6654 |
| 1995   | $4,856     | $610      | --        | $118 |
| 1996   | 6,978      | 758       | $843      | 158  |
| 1997   | 10,243     | 1,047     | 1,163     | 216  |

After concessions,[1] the issues for decision are: (1) Whether respondent's period of limitations within which to assess the 1995, 1996, and 1997 Federal income taxes against Georges Z. Zakhem (petitioner) has expired; and (2) if not, whether petitioner is liable for additions to tax under sections 6651(a)(1) and 6654.

## Background

The stipulated facts and exhibits received into evidence are incorporated herein by reference.  At the time the petition in this case was filed, petitioner resided in Boulder, Colorado.

During the taxable years at issue, petitioner was employed by Exabyte Corporation (Exabyte) in Boulder, Colorado.  For the years 1995, 1996, and 1997, Exabyte issued Forms W-2, Wage and Tax Statement, to petitioner which incorrectly reported petitioner's Social Security number by one digit.  By letter

---

[1]Respondent concedes that the addition to tax under sec. 6654 asserted in the notice of deficiency for 1995 and the additions to tax under sec. 6651(a)(2) asserted in the notices of deficiency for 1996 and 1997 do not apply to this case.

dated October 24, 1998, the Social Security Administration brought the error to Exabyte's attention and petitioner's Social Security number was corrected.

Respondent determined that petitioner failed to file Form 1040, U.S. Individual Income Tax Return, for the years 1995, 1996, and 1997 and issued a notice of deficiency for each of these years. Petitioner filed a timely petition for redetermination with the Court of the 3 years at issue.[2]

Petitioner alleges in his petition that it is "unthinkable" for respondent "to 'wake' up 8 years later and lay this undue burden of proof on [him]" to show that the taxes, interest, and additions to taxes assessed against him are improper. Petitioner is not contesting the amount of income reported on the Forms W-2.

_____

[2]Rule 34(b)(7) requires that a petition must be signed by either petitioner or petitioner's counsel. In this case, petitioner failed to sign his petition, which may be a ground for dismissal of the case under Rule 34(a)(1). The Court has been liberal in treating as a petition any document filed by a taxpayer within the 90-day period, if it was intended as a petition. O'Neil v. Commissioner, 66 T.C. 105, 107 (1976); Truskowsky v. Commissioner, T.C. Memo. 1988-319. To be deemed a petition, the document must contain some objective indication that the petitioner contests the deficiency determined by the Commissioner against him. O'Neil v. Commissioner, supra; Truskowsky v. Commissioner, supra. If such documents do not comply with the form and content requirements for petitions, the Court is liberal in allowing the taxpayer to file an amended petition to correct the technical defects. O'Neil v. Commissioner, supra; Truskowsky v. Commissioner, supra. Petitioner intended to contest and has actually contested the 1995, 1996, and 1997 deficiencies determined against him. Therefore, the petition conferred jurisdiction upon the Court for those taxable years.

Instead, petitioner contends that he does not owe any Federal tax liabilities because he timely filed the tax returns at issue.

## Discussion

### Section 6501

Section 6501(a) sets forth limitations on assessment and provides as a general rule that Federal income taxes must be assessed within 3 years after the filing of the return. However, if the taxpayer fails to file a return, the statute of limitation is never set in operation, and the IRS may assess the tax at any time. Sec. 6501(c)(3); sec. 301.6501(c)-1(c), Proced. & Admin. Regs.

If the Court finds that petitioner timely filed the returns for 1995, 1996, and 1997, respondent's assessments are time-barred under section 6501(a). If, however, the Court finds that petitioner did not file the returns, the assessments are valid because respondent may assess the tax at any time. In the latter case, the Court will also address whether petitioner is liable for additions to tax under sections 6651(a)(1) and 6654.

The Commissioner's determinations are presumed correct, and generally taxpayers bear the burden of proving otherwise.[3] Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933).

---

[3]Petitioner has not raised the issue of sec. 7491(a) which shifts the burden of proof to the Commissioner in certain situations. This Court concludes that sec. 7491 does not apply because petitioner has not produced any evidence that establishes the preconditions for its application.

Petitioner argues that it was Exabyte's failure to correctly report his Social Security number on his Forms W-2, rather than his failure to file the returns, that resulted in respondent's lack of records of his filing tax returns. According to the record in this case, Exabyte corrected the Social Security number on petitioner's Forms W-2 at the end of 1998. Petitioner testified that Exabyte alerted him to the error in August 1999 and that he provided the documentation required to correct the error.

Respondent's search included not only petitioner's correct Social Security number, but also encompassed the "wrong" Social Security number reported by Exabyte[4] as well as the Social Security number for petitioner's wife. Respondent did not find any returns filed under any of the Social Security numbers. In support of its determination that petitioner failed to file returns for the years at issue, respondent presented three Certificates of Lack of Record for Federal income tax, one for each of the Social Security numbers searched, for tax periods December 31, 1995, through December 31, 1997. In light of respondent's evidence, the Court is not convinced that it was Exabyte's error, rather than petitioner's failure to file the returns, that caused the respondent's searches to indicate that petitioner's returns were not filed.

---

[4]Respondent represented that the Social Security number belonged to a different taxpayer who also failed to file returns for 1995, 1996, and 1997.

At trial, petitioner offered photocopies of what he contends are retained copies of his 1995, 1996, and 1997 tax returns as evidence that he timely filed the returns. All of the copies correctly reported petitioner's Social Security number. The Court, however, has reason to doubt whether the retained copies are, in fact, retained copies of filed 1995, 1996, and 1997 tax returns.

When petitioner's Forms W-2 are compared to the retained copies, several discrepancies stand out. The retained 1995 and 1996 copies show more income than respondent's records or the Forms W-2. For 1995, petitioner claimed a Federal income tax withholding credit of $7,451 when Form W-2 shows a withholding of only $2,414. For 1996, he claimed a credit of $7,506 when Form W-2 shows $3,605. For 1997, he claimed a credit of $11,063 when Form W-2 shows $5,670. Petitioner has failed to establish a reason for claiming almost double, and in 1995, triple, the amount of Federal income tax withholding credits as shown on the Forms W-2.

Assuming that the retained copies were filed, petitioner should have received tax refunds for years 1995, 1996, and 1997 based on the Federal income tax withholding credits claimed. Petitioner testified that he never received any of the refunds. He testified that he thought it was because the Department of Education took the refunds and applied them against the outstanding balance of his student loans. Petitioner failed to

contact the Department of Education "for a while" with respect to his delinquent student loan payments, and a judgment was entered against him. Petitioner also has failed to present any documentation to show that the Department of Education has either collected the refund or credited the amount of the refund against his outstanding student loan or the judgment.

Petitioner failed to file his State income tax returns. Respondent produced a Certificate of Failure to File Individual Income Tax Return(s) from the Colorado Department of Revenue for the years 1995, 1996, and 1997 as evidence in support. As with the Federal income tax returns, petitioner argues that Colorado has no record of his filings because Exabyte incorrectly reported his Social Security number on the Forms W-2 for 1995, 1996, and 1997.

Petitioner did not present any other evidence to substantiate that the returns were in fact filed. Petitioner's testimony that he filed the returns at issue, without more, is insufficient to sustain a ruling in his favor. See Schwechter v. Commissioner, T.C. Memo. 2000-36; see also Rakosi v. Commissioner, T.C. Memo. 1993-68 (taxpayer failed to prove that she filed her return where she did not produce any documentary evidence of timely mailing and relied solely on self-serving testimony of herself and her husband), affd. 46 F.3d 1144 (9th Cir. 1995).

Accordingly, the Court finds that petitioner has failed to sustain his burden of proof to show that he filed tax returns for 1995, 1996, and 1997.

Petitioner's Tax Liabilities for 1995, 1996, and 1997

For each of the years at issue, petitioner's income was computed from his Exabyte wages income, allowing him a standard deduction and one exemption. The resulting tax on his taxable income was then credited with the amount of Federal income tax withholding shown on the Form W-2. Petitioner alleges that he has medical expenses that entitle him to a larger itemized deduction, but he has failed to produce any documentation in support of his contention. In the absence of any corroborating evidence from the petitioner, respondent's determinations are presumed correct.

Additions to Tax Under Section 6651(a)(1)

Respondent determined an addition to tax under section 6651(a)(1) for 1995, 1996, and 1997 asserting that petitioner failed to file Federal income tax returns for those years. Section 7491(c) imposes the burden of production in any court proceeding on the Commissioner with respect to the liability of any individual for penalties and additions to tax. Higbee v. Commissioner, 116 T.C. 438, 446 (2001); Trowbridge v. Commissioner, T.C. Memo. 2003-164, affd. 378 F.3d 432 (5th Cir. 2004). In order to meet the burden of production under section

7941(c), the Commissioner need only make a prima facie case that imposition of the penalty or addition to tax is appropriate. Higbee v. Commissioner, supra.

The burden of proof remains on the petitioner, who must prove that his failure to file was: (1) Due to reasonable cause and (2) not due to willful neglect. Sec. 6651(a); United States v. Boyle, 469 U.S. 241, 245 (1985); Higbee v. Commissioner, supra at 446-447. A failure to file a Federal income tax return is due to reasonable cause if the taxpayer exercised ordinary business care and prudence and nevertheless was unable to file the return within the prescribed time. Barkley v. Commissioner, T.C. Memo. 2004-287; sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Willful neglect means a conscious, intentional failure or reckless indifference. United States v. Boyle, supra at 245.

Respondent has carried his burden of production by introducing into evidence certified copies of Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, with respect to petitioner's 1995, 1996, and 1997 taxable years, establishing that petitioner did not file timely Federal income tax returns for those years. See Davis v. Commissioner, 115 T.C. 35, 40-41 (2000); Downey v. Commissioner, T.C. Memo. 2005-215.

Petitioner introduced no evidence or any legally sufficient reason for his failure to file a timely return. Therefore, the Court finds that petitioner did not have reasonable cause for his failure to file as required by section 6651(a)(1) and he is liable for the additions to tax as respondent determined.

Additions to Tax Under Section 6654

Respondent also contends that petitioner is liable for the additions to tax under section 6654 for 1996, and 1997. Section 6654 provides an addition to tax for failure to make timely and sufficient payments for estimated taxes. The section 6654 addition to tax is mandatory unless petitioner can place himself within one of the computational exceptions provided by section 6654. Recklitis v. Commissioner, 91 T.C. 874, 913 (1988); Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980). Since petitioner has failed to do so, this Court sustains respondent on this issue.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

> Decision will be entered for respondent as to the deficiencies and the additions to tax under section 6651(a)(1) for 1995, 1996, and

- 11 -

1997, and as to the additions to tax under section 6654 for 1996 and 1997, and decision will be entered for petitioner as to the additions to tax under section 6651(a)(2) for 1996 and 1997 and as to the addition to tax under section 6654 for 1995.