T.C. Summary Opinion 2006-159


UNITED STATES TAX COURT


GERRY M. GRIGGS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 9068-04S.                    Filed September 27, 2006.


Gerry M. Griggs, pro se.

<u>Portia N. Rose</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code. Unless otherwise indicated, section references are to the Internal Revenue Code as in effect for the year at issue, and Rule references are to the Tax Court Rules of Practice and Procedure.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined for 2001 a deficiency in petitioner's Federal income tax of $24,702 and additions to tax of $5,557.95 under section 6651(a)(1), an uncomputed amount under section 6651(a)(2), and $977.53 under section 6654(a).

The parties agree that petitioner: (a) Received wages of $99,522 and unemployment compensation of $6,468, (b) is entitled to a filing status of single and to claim one personal exemption, (c) is entitled to deduct property taxes paid to the Harris County Tax Assessor and the Houston Independent School District in the amounts of $3,039.46 and $3,102, (d) is entitled to deduct, as a charitable contribution, a $185 donation to the Rice University Owl Club, and (e) is not liable for the addition to tax provided by section 6651(a)(2).

The issues for decision are whether petitioner: (1) Is entitled to claim itemized deductions and business losses in excess of those allowed by respondent, (2) is liable for the addition to tax under section 6651(a)(1) for failure to file timely a Federal income tax return for the year without reasonable cause, and (3) is liable for the addition to tax under section 6654 for failure to pay estimated tax.

The exhibits received into evidence are incorporated herein by reference. At the time the petition was filed, petitioner resided in Houston, Texas.

## Background

### Administrative History

The Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, for petitioner's 2001 tax year shows that the Internal Revenue Service (IRS) has no record of receiving a tax return from petitioner for the year. Respondent determined in the statutory notice of deficiency that petitioner had failed to file a Federal income tax return for 2001. After the petition for redetermination was filed, the case was assigned to the office of Appeals. The Appeals Office requested that petitioner provide a copy of a completed 2001 income tax return. Petitioner did not do so. The case was subsequently transferred to respondent's counsel for trial or settlement.

### Document Request by Counsel

Respondent's counsel requested that petitioner provide a completed 2001 income tax return and supporting documentation for the items on the return. There was no response. Respondent served petitioner with a Request for Production of Documents (Request). The Request asked for: (1) Books and records that petitioner intended to introduce into evidence at trial for 2001, (2) business and personal bank statements for the year, (3) documents evidencing the receipt of income, (4) documents evidencing the expense reimbursement policy of petitioner's employer, and (5) documentary evidence bearing on the additions

to tax for failure to file timely and the failure to pay estimated tax. After several months during which petitioner failed to respond to respondent's Request, respondent moved to compel production of the requested items.

Order of the Court

On August 4, 2005, the Court granted respondent's motion to compel production of the requested documents and ordered that they be provided to respondent "on or before August 31, 2005". The order warned petitioner that upon his failure to fully comply, the Court would be inclined to impose sanctions under Rule 104, including dismissal of his case. On August 31, 2005, petitioner transmitted "hundreds of pages" of electronic facsimiles of some documents to respondent's counsel. On September 9, 2005, the Court filed petitioner's motion to extend time to produce documents in which he requested additional time to "fully comply with the August 4 Order". Petitioner's motion to extend time was denied on September 19, 2005.

Petitioner's Documents

Using copies of the documents transmitted to her on August 31, 2005, that were legible, respondent's counsel prepared a proposed stipulation of facts for trial. Petitioner, however, refused to stipulate any of the documents that he had transmitted, including a copy of the statutory notice of deficiency, a copy of which was attached to his petition. At the

beginning of trial, petitioner produced a Form 1040X, Amended U.S. Individual Income Tax Return, for 2001 that he stated he wanted to "file". The document was received into evidence over the objection of respondent's counsel.

Petitioner also attempted to introduce into evidence a stack of miscellaneous receipts, reports, checks, statements, handwritten notations, invoices, and other documents. Respondent's counsel was able to determine that the documents had not been provided to her on August 31, 2005, in response to the Court's order compelling production. Respondent's counsel objected to the introduction into evidence of any document petitioner had not produced by August 31, 2005. The Court sustained the objection of respondent's counsel.

## Discussion

Petitioner has made no argument that the burden of proof shifting provisions of section 7491(a)(1) apply to this case, nor has he offered any evidence that he has complied with the requirements of section 7491(a)(2).

## Itemized Deductions

Among the documents that petitioner provided to respondent in response to the August 4, 2005, order was a copy of a Schedule A, Itemized Deductions, for 2001. In addition to the Schedule A deductions allowed by respondent, petitioner argues that he is entitled to deductions for "points" from a mortgage refinancing,

a casualty loss, and an additional amount for charitable contributions.

Points

Petitioner presented a copy of a settlement statement to substantiate a deduction for $3,800 in "points" as a mortgage interest deduction.  Petitioner testified that this was his third refinancing.

Personal interest is generally not allowed as a deduction. Sec. 163(h).  "Qualified residence interest", however, is not treated as personal interest.  Sec. 163(h)(2)(D).  Qualified residence interest includes interest paid on "home equity indebtedness with respect to any qualified residence".  Sec. 163(h)(3)(A)(ii).  Home equity indebtedness is indebtedness, other than "acquisition indebtedness", secured by a qualified residence, to the extent that it does not exceed the fair market value of the residence, reduced by the amount of the acquisition indebtedness.  Sec. 163(h)(3)(C).  Acquisition indebtedness is the indebtedness secured by the residence that was incurred in acquiring, constructing, or substantially improving the qualified residence.  Sec. 163(h)(3)(B)(i).

The maximum amount that can be treated as home equity indebtedness is $100,000.  Sec. 163(h)(3)(C)(ii).  Petitioner's loan amount was $170,000.  Petitioner has provided no evidence of the amount of the acquisition indebtedness, if any, or the fair

market value of the residence.  He has failed to show that his points are qualified residence interest.[1]

Casualty Loss

Petitioner testified that he suffered a casualty loss consisting of two items:  a "flat tire" on his automobile and "a broken vase or bottle, perfume bottle, large one that my dog broke" that was a gift.  Petitioner submitted to respondent's counsel a Form 4684, Casualties and Thefts, listing the cost of the tire as $174.62 and the cost of the vase or perfume bottle as $800.

Losses may be deductible under section 165(a) to the extent "not compensated for by insurance or otherwise."  In the case of an individual, section 165(c)(3) allows a taxpayer to claim as a deduction any loss from theft or casualty sustained during the taxable year.  The loss is allowed only to the extent that it exceeds $100 and the net casualty loss is in excess of 10 percent of adjusted gross income.  Sec. 165(h).  The amount of the loss is the lesser of (1) the fair market value of the property immediately before the casualty reduced by the fair market value after the casualty, or (2) the adjusted basis of the property.

---

[1]Were the points qualified residence interest, petitioner would be required to amortize the points over the life of the loan unless he provided sufficient evidence that the loan proceeds were used to purchase or improve the residence.  Sec. 461(g)(1) and (2).

Helvering v. Owens, 305 U.S. 468 (1939); sec. 1.165-7(b), Income Tax Regs.

The basis of property acquired by purchase is its cost. Sec. 1012. The basis of property acquired by gift is the same as it would be in the hands of the donor or the last preceding owner by whom it was not acquired by gift. If such basis is greater than the fair market value of the property at the time of the gift, however, the basis for determining loss is the fair market value of the property. Sec. 1015.

In order for the Court to determine whether petitioner is entitled to a casualty loss, petitioner's basis in the property damaged or destroyed must be known. Where a taxpayer fails to prove that basis, the Court is unable to determine the amount of the loss that is deductible. Zmuda v. Commissioner, 79 T.C. 714, 727-728 (1982), affd. on other grounds 731 F.2d 1417 (9th Cir. 1984); Millsap v. Commissioner, 46 T.C. 751, 760 (1966), affd. 387 F.2d 420 (8th Cir. 1968).

Petitioner offered no evidence of either the fair market value of the property at the time of the loss or his basis in the items. Further, it appears that petitioner cannot meet the requirement of section 165(h)(2) that the net casualty loss exceed 10 percent of adjusted gross income.

The Court therefore sustains respondent's determination that petitioner is not entitled to deduct on Schedule A a casualty and theft loss.

Charitable Contributions

Petitioner offered only his testimony that he "gave $350 in out-of-hand contributions at church services, to people on the street, et cetera" to support his claim of an additional charitable deduction.

Taxpayers are required to keep records of charitable contributions of money. Sec. 1.170A-13(a)(1), Income Tax Regs. A taxpayer must maintain one of the following: (1) A canceled check; (2) a receipt or letter from the donee charitable organization showing the name of the donee, the date, and the amount of the contribution; or (3) other reliable records showing the name of the donee, the date, and the amount of the contribution. Id.

Petitioner's church and "charity" donations do not meet the recordkeeping requirements of section 1.170A-13(a)(1), Income Tax Regs. See Blair v. Commissioner, T.C. Memo. 1988-581. Petitioner is not entitled to a deduction for charitable contributions in an amount greater than that allowed by respondent.

Schedule C Losses

Petitioner submitted a Schedule C, Profit or Loss From Business, to respondents's counsel for four putative businesses. Supporting documents relating to only one of them were provided in response to the Court's August 4, 2005, order.

On November 1, 2000, petitioner purchased a one-third interest in a luxury suite at Enron Field/Minute Maid Park for Houston Astros baseball games for $26,000. The "business", as described by petitioner, was the resale of the luxury suite tickets. Petitioner argues that he is entitled to claim a loss of $17,671.54 from this "business".

Petitioner's evidence that he was carrying on a ticket resale business is a receipt for purchase or use of the luxury suite, a receipt for catering services in the suite, and one invoice to one person for "2 Nights Enron Box" at $1,008 per night.

Section 162(a) generally allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Generally, no deduction is allowed for personal, living, or family expenses. See sec. 262. The taxpayer must show that any claimed business expenses were incurred primarily for business rather than social reasons. See Rule 142(a); Walliser v. Commissioner, 72 T.C. 433, 437 (1979). To show that the expense was not for personal reasons, the

taxpayer must show that the expense was incurred primarily to benefit his business, and there must have been a proximate relationship between the claimed expense and the business. See Walliser v. Commissioner, supra.

Petitioner provided no business records or other evidence that he resold tickets to anyone other than to one person for "2 Nights Enron Box". Petitioner has not provided sufficient evidence to show that there was a business or that the claimed expenses were paid primarily for business reasons.

Section 183(b)(2) permits a deduction for expenses that would be deductible only if the activity were engaged in for profit, but only to the extent that the gross income derived from the activity exceeds the deductions allowed by section 183(b)(1). Petitioner is entitled to the deductions allowed by section 183(b)(2) for his luxury suite activity.

Additions to Tax

Respondent bears the burden of production with respect to an addition to tax. Sec. 7491(c). In order to meet this burden, respondent must produce evidence sufficient to establish that it is appropriate to impose the addition to tax. Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).

Addition to Tax Under Section 6651(a)(1)

Respondent produced a certified copy of Form 4340 showing that the IRS has no record of petitioner's having filed a Federal

income tax return for the year. Respondent has met his burden of production under section 7491(c) with respect to imposing the addition to tax under section 6651(a)(1). See <u>Downey v. Commissioner</u>, T.C. Memo. 2005-215.

Petitioner testified that "I filed my return. I filed it by regular mail so I don't have any evidence that I filed it." The Court is not required to accept the unverified and undocumented testimony of petitioner. See <u>Hradesky v. Commissioner</u>, 65 T.C. 87, 90 (1975), affd. 540 F.2d 821 (5th Cir. 1976); see also <u>Christensen v. Commissioner</u>, 786 F.2d 1382, 1383-1384 (9th Cir. 1986), affg. in part and revg. in part T.C. Memo. 1984-197. The Court finds that petitioner did not timely file his return.

Petitioner has the burden of proving that he had reasonable cause and lacked willful neglect in not filing his return timely. See <u>United States v. Boyle</u>, 469 U.S. 241, 245 (1985); <u>Higbee v. Commissioner</u>, <u>supra</u> at 447; sec. 301.6651-1(a)(1), Proced. & Admin. Regs. Because petitioner failed to offer any evidence of reasonable cause and lack of willful neglect for his failure to file timely, respondent's determination that petitioner is liable for the addition to tax under section 6651(a)(1) is sustained.

Addition to Tax Under Section 6654

Petitioner underpaid his estimated tax for the year, and respondent has carried his burden of production to show that it is appropriate to impose the addition to tax. The section 6654 addition to tax applies in a mathematical fashion unless it is shown that any of certain statutory exceptions apply. See Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980); Goers v. Commissioner, T.C. Memo. 1999-354. Petitioner has not shown that any exceptions apply. Accordingly, respondent's determination that petitioner is liable for an addition to tax under section 6654 is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be

entered under Rule 155.