T.C. Summary Opinion 2007-18

UNITED STATES TAX COURT

DEAN STROM KARNAZE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19235-05S.          Filed February 5, 2007.

Dean Strom Karnaze, pro se.

<u>Jonathan A. Neumann</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of sections 6320(c), 6330(d), and 7463.  Unless otherwise indicated, all section references are to the Internal Revenue Code as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

The petition in this case was filed in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) for 1996, 1997, 1998, and 1999. Petitioner does not dispute the amount of the underlying taxes and interest owed for the years in issue. What petitioner does dispute is his liability for the additions to tax under section 6651(a)(1) for failure to timely file returns, section 6651(a)(2) for failure to timely pay the unpaid tax reported on the returns, and section 6654 for failure to pay estimated taxes.

## Background

The stipulated facts and the exhibits received into evidence are incorporated herein by reference. At the time the petition in this case was filed, petitioner resided in Stockton, California.

Petitioner filed Federal tax returns for each year in issue reporting taxes due as follows:

| Year | Date Due | Date Filed | Tax Due |
|------|----------|------------|---------|
| 1996 | 10/15/97 | 06/12/98 | $4,737 |
| 1997 | 10/15/98 | 04/10/99 | 3,644 |
| 1998 | 10/15/99 | 02/24/00 | 7,162 |
| 1999 | 08/15/00 | 04/10/01 | 2,079 |

At the time petitioner filed each return, he either did not pay or made only small payments toward the amounts shown as taxes on the returns. Respondent assessed the amounts reported on

petitioner's returns plus statutory additions to tax as follows.[1]

|  | | Additions to Tax | |
| Year | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654 |
| 1996 | $933.07 | $308.52 | $217.00 |
| 1997 | 781.65 | 243.18 | 186.13 |
| 1998 | 1,611.45 | 429.72 | 183.77 |
| 1999 | 519.75 | --- | 100.00 |

On April 14, 2005, respondent filed a notice of Federal tax lien against petitioner for income taxes for 1996, 1997, 1998, and 1999. On April 15, 2005, respondent sent to petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 for the years in issue.

On May 23, 2005, petitioner filed a timely Form 12153, Request for a Collection Due Process Hearing, for the years in issue. The hearing was conducted via telephone and written correspondence with Settlement Officer Martin Splinter. On September 13, 2005, the Appeals Office issued to petitioner a notice of determination sustaining respondent's filing of the Federal tax lien to collect petitioner's unpaid taxes for the years in issue.

## Discussion

Section 6320 entitles a taxpayer to notice of the taxpayer's right to request a hearing after a notice of lien is filed by the

---

[1]After the tax and additions to tax were assessed for each year, petitioner subsequently made payments on his tax liabilities (tax, interest, additions to tax combined) for each of the years in issue. Therefore, the amount of the outstanding balance attributable to the additions to tax has yet to be determined.

Commissioner in furtherance of the collection from the taxpayer of unpaid Federal taxes.  If one is requested, the administrative hearing is before the Appeals Office of the Internal Revenue Service.  Sec. 6330(b)(1).  The taxpayer requesting the hearing may raise any relevant issue with regard to the Commissioner's intended collection activities, including spousal defenses, challenges to the appropriateness of the Commissioner's intended collection action, and alternative means of collection.  Secs. 6320(b) and (c), 6330(c); see Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, 114 T.C. 176, 180 (2000).

The taxpayer may raise challenges "to the existence or amount of the underlying tax liability", however, only if he "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability."  Sec. 6330(c)(2)(B).

In making a determination, the Appeals Officer is required to take into consideration issues properly raised, the verification that the requirements of applicable law and administrative procedures have been met, and whether any proposed collection action balances the need for efficient collection of taxes with the legitimate concern of the person that any collection action is no more intrusive than necessary.  Sec. 6330(c)(3).  Within 30 days after the Appeals Office issues a notice of determination, the taxpayer may appeal the

determination to the Tax Court, if the Court has jurisdiction over the underlying tax liability.  Sec. 6330(d)(1).  The Court has jurisdiction in this case.  For purposes of these provisions, "underlying tax liability" includes additions to tax.  Katz v. Commissioner, 115 T.C. 329, 339 (2000); Lites v. Commissioner, T.C. Memo. 2005-206.

Petitioner seeks abatement of the section 6651(a)(1) additions to tax for late filing, of the section 6651(a)(2) additions to tax for failure to timely pay the amounts shown as taxes on the returns, and of the section 6654 additions to tax for failure to pay estimated taxes.  Because petitioner self-assessed his taxes for all years in issue, no statutory notice of deficiency was issued.  See sec. 6201(a)(1).  Petitioner's challenge to the additions to tax at the hearing was proper.  See secs. 6320(c), 6330(c)(2)(B); Downing v. Commissioner, 118 T.C. 22 (2002).  The Court reviews de novo respondent's determination with respect to the additions to tax for the years in issue.  See Goza v. Commissioner, supra at 181-182.

Additions to Tax Under Section 6651(a)(1)

Section 7491(c) imposes the burden of production in any court proceeding on the Commissioner with respect to the liability of any individual for penalties and additions to tax. Higbee v. Commissioner, 116 T.C. 438, 446 (2001); Trowbridge v. Commissioner, T.C. Memo. 2003-164, affd. 378 F.3d 432 (5th Cir.

2004).  In order to meet the burden of production under section 7941(c), the Commissioner need only make a prima facie case that imposition of the penalty or addition to tax is appropriate. Higbee v. Commissioner, supra.

The burden of proof remains on the petitioner, who must prove that his failure to file timely was:  (1) Due to reasonable cause, and (2) not due to willful neglect.  Sec. 6651(a); United States v. Boyle, 469 U.S. 241, 245 (1985); Higbee v. Commissioner, supra at 446-447.  A failure to file timely a Federal income tax return is due to reasonable cause if the taxpayer exercised ordinary business care and prudence and nevertheless was unable to file the return within the prescribed time.  Barkley v. Commissioner, T.C. Memo. 2004-287; sec. 301.6651-1(c)(1), Proced. & Admin. Regs.  Willful neglect means a conscious, intentional failure or reckless indifference.  United States v. Boyle, supra at 245.

Respondent has carried his burden of production by introducing into evidence certified copies of Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, for 1996, 1997, 1998, and 1999, establishing that respondent did not timely receive Federal income tax returns for those years.  See Davis v. Commissioner, 115 T.C. 35, 40-41 (2000); Downey v. Commissioner, T.C. Memo. 2005-215.  In the

absence of evidence that petitioner timely filed his returns, the Court finds that the returns were not timely filed.

Petitioner introduced no evidence or any legally sufficient reason for his failure to file timely returns. Therefore, the Court finds that petitioner is liable for additions to tax under section 6651(a)(1) for failure to timely file his returns for the years in issue.

Additions to Tax Under Section 6651(a)(2)

Section 6651(a)(2) imposes an addition to tax for failure to pay the amount shown as tax on the return on or before the date prescribed for payment of that tax, unless the failure was due to reasonable cause and not willful neglect. See sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Petitioner may demonstrate reasonable cause for late payment by showing that he exercised ordinary business care and prudence in providing for payment of his tax liability and was nevertheless either unable to pay the tax or would suffer an undue hardship if he paid on the due date. Sec. 301.6651-1(c), Proced. & Admin. Regs. The term "undue hardship" means more than an inconvenience to the taxpayer, and it must appear that substantial financial loss would result to the taxpayer from making payments by the due date. See sec. 1.6161-1(b), Income Tax Regs.

At the time petitioner filed his returns, he made small payments towards his tax liabilities for 1996, 1997, and 1999, and he made no payment toward his tax liability for 1998. The

bulk of the amount shown as tax on the return for each of the years in issue remained unpaid as of the respective due dates.

Petitioner contends that he did not remit full payments for the years in issue because of hardship due to his divorce and subsequent loss of employment. Petitioner has not shown that he would have suffered substantial financial loss if he had paid his taxes by the due date. Moreover, adverse economic conditions do not necessarily constitute reasonable cause because almost every nonwillful failure to pay taxes is the result of financial difficulties. See Estate of Hartsell v. Commissioner, T.C. Memo. 2004-211; Wolfe v. United States, 612 F. Supp. 605, 607-608 (D. Mont. 1985), affd. on other grounds 798 F.2d 1241 (9th Cir. 1986).

The Court therefore finds that petitioner failed to demonstrate that his failure to timely pay the taxes shown on the returns for the years in issue was due to reasonable cause and not willful neglect. See sec. 301.6651-1(c), Proced. & Admin. Regs.; sec. 1.6161-1(b), Income Tax Regs. Accordingly, petitioner is liable for the additions to tax under section 6651(a)(2) for the years in issue.

Additions to Tax Under Section 6654

Section 6654 imposes an addition to tax for failure to make timely and sufficient payments for estimated taxes. In order for respondent to satisfy his burden of production under section

7491(c), he must produce evidence necessary to enable the Court to conclude that the taxpayer had an obligation to make an estimated tax payment. <u>Wheeler v. Commissioner</u>, 127 T.C. 200, 211 (2006). Specifically, respondent must produce evidence showing that the taxpayer had a "required annual payment" as defined by section 6654(d)(1)(B) for the year in issue. <u>Id.</u>

The section 6654 addition to tax is calculated with reference to four required installment payments of the taxpayer's estimated tax liability. Sec. 6654(c)(1). Each required installment of estimated tax is equal to 25 percent of the "required annual payment". Sec. 6654(d)(1)(A).

Under section 6654(d)(1)(B), "required annual payment" means the lesser of:

> (i) 90 percent of the tax shown on the return for the taxable year (or, if no return is filed, 90 percent of the tax for such year), or
>
> (ii) 100 percent of the tax shown on the return of the individual for the preceding taxable year.

> Clause (ii) shall not apply if the preceding taxable year was not a taxable year of 12 months or if the individual did not file a return for such preceding taxable year.

Respondent produced a Form 4340 for 1996 establishing that petitioner filed a tax return for 1996 reporting a tax liability of $4,737. This evidence is sufficient for the Court to make the analysis required by section 6654(d)(1)(B)(i). Respondent, however, failed to introduce evidence showing whether petitioner

filed a return for the preceding taxable year, i.e., 1995, and if he did, the amount of tax shown on that return.  Without that evidence, the Court cannot identify the amount equal to 100 percent of the tax shown on petitioner's 1995 return.

The Court cannot conclude that petitioner had a required annual payment for 1996 because respondent failed to produce sufficient evidence, as required by section 7491(c), to allow the Court to complete the comparison required by section 6654(d)(1)(B).  See Wheeler v. Commissioner, supra.  Accordingly, petitioner is not liable for an addition to tax under section 6654 for 1996.

Respondent met his burden of production under section 7491(c) for 1997, 1998, and 1999.  The evidence produced was sufficient for the Court to make the required comparison under section 6654(d)(1)(B) and to make a determination that petitioner had a required annual payment for each of those years.

The section 6654 addition to tax is mandatory unless petitioner can place himself within one of the computational exceptions provided by section 6654(e).  Recklitis v. Commissioner, 91 T.C. 874, 913 (1988); Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980).  Petitioner did not pay the estimated taxes for 1997, 1998, and 1999.  Moreover, petitioner failed to show that his failure to timely pay estimated taxes qualifies for one of the exceptions under section

6654(e).  Accordingly, petitioner is liable for additions to tax under section 6654 for 1997, 1998, and 1999.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered under Rule 155.