United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 8, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-60014
Summary Calendar

_____

JOHN P. TROWBRIDGE; ET AL.,

Petitioners,

JOHN P. TROWBRIDGE,

Petitioner - Appellant,

versus

COMMISSIONER OF INTERNAL REVENUE,

Respondent - Appellee.

_____

Appeal from the United States Tax Court
Docket No. 750-01

_____

Before JOLLY, WIENER, and PICKERING, Circuit Judges.

PER CURIAM:[*]

John P. Trowbridge, M.D., pro se, appeals from the decision of
the United States Tax Court.  The Tax Court held that Trowbridge
was liable for 1996 and 1997 deficiencies in income tax and for
additions to tax.  It also sanctioned Trowbridge $25,000 for
advancing frivolous positions and instituting and maintaining the
proceeding primarily for delay.

On appeal, Trowbridge argues that the Tax Court erred by
failing to give effect to his purported withdrawal of his petition

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for review of the notices of deficiency. He contends that the Tax Court lacked jurisdiction because "Article I administrative courts are prohibited from hearing any issue At Law which has been enumerated in the Constitution only for the province of Article III courts"; that he is not a "resident" of Texas or a "taxpayer" subject to federal tax laws; that he has "denied and rebutted any presumption of the existence of any contracts or commercial agreements which create an attachment of an equity relationship that would establish an admiralty or equity jurisdiction"; that he has "forfeited, waived, rejected, declined, and refused to voluntarily accept any and all benefits from the United States"; and that he "objects to the use of Federal Reserve Notes to discharge debts." Trowbridge also argues that the Tax Court denied him due process by granting the Commissioner's motion for a protective order against his discovery requests, which consisted of 480 interrogatories, first and second requests for production of documents, and 545 requests for admissions.

Although the Tax Court held that these very same arguments were frivolous and imposed sanctions of $25,000 against Trowbridge, those sanctions did not deter him from pressing the same frivolous arguments on appeal. See Crain v. Commissioner of Internal Revenue, 737 F.2d 1417, 1417-18 (5th Cir. 1984) (holding that taxpayer's arguments that he "is not subject to the jurisdiction, taxation, nor regulation of the state," that the "Internal Revenue Service, Incorporated" lacks authority to exercise the judicial

2

power of the United States, that the Tax Court is unconstitutionally attempting to exercise Article III powers, and that jurisdiction over his person has never been affirmatively proven were frivolous).  We therefore AFFIRM the judgment of the Tax Court, and GRANT the Commissioner's motion for sanctions of $6,000 for pursuing a frivolous appeal, pursuant to 26 U.S.C. § 7482(c)(4), 28 U.S.C. § 1912, and Rule 38 of the Federal Rules of Appellate Procedure.  See Parker v. Commissioner, 117 F.3d 785, 787 (5th Cir. 1997) (approving the practice of imposing a lump sum sanction in lieu of costs because it "saves the government the additional cost of calculating its expenses, and also saves the court the time and expense of reviewing the submission of costs").

AFFIRMED; SANCTIONS IMPOSED.