United States Court of Appeals
Fifth Circuit

**F I L E D**

May 24, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 05-20467
Summary Calendar

WILL H. EVANS, III,

Plaintiff-Appellant,

versus

IBM CORPORATION,

Defendant-Appellee.

**Appeal from the United States District Court
for the Southern District of Texas
(4:03-CV-4805)**

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Will H. Evans contests the summary judgment awarded IBM, including the denial of his motions requesting discovery and delaying consideration of the summary judgment motion.

In August 2001, Evans, an IBM employee for nearly 24 years, was terminated from his sales position. IBM maintains Evans was terminated for declining performance and an improper commitment he made to a customer that violated IBM policies. He counters that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

his female supervisor became intimidated by his "seniority, experience and success", consequently harassed and humiliated him and made false allegations, and ultimately had him terminated and replaced with a younger, non-minority employee.

Following an unsuccessful internal appeal and EEOC discrimination charge, Evans filed this action under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act; he further claimed IBM retaliated, and intentionally discriminated, against him, violating 42 U.S.C. § 1981.

Ten days before the district-court discovery deadline, Evans moved to extend the deadline (denied); *after* the deadline, he moved to compel discovery (denied) and to reconsider (denied). After IBM moved for summary judgment, Evans moved under Federal Rule of Civil Procedure 56(f) for a continuance. It was denied; summary judgment was awarded IBM.

The denial of the continuance motions is reviewed for abuse of discretion. *Shields v. Twiss*, 389 F.3d 142, 149 (5th Cir. 2004). Evans moved for a continuance on 20 January 2005; under Rule 56(f), on 24 March 2005. There was no abuse of discretion.

For the discovery-continuance motion, Evans had ample opportunity to conduct discovery prior to the deadline. His motion did not adequately explain his failure to do so.

Evans' Rule 56(f) motion appears to have been untimely filed; in any event, it failed to specify how additional discovery would

2

have created a fact issue to defeat summary judgment. *See **Wichita Falls Office Assocs. v. Banc One Corp.***, 978 F.2d 915, 919 (5th Cir. 1992) (providing "[t]hree general requirements" a non-movant must establish for a court to grant a continuance of discovery: "(i) requesting extended discovery prior to the court's ruling on summary judgment; (ii) put[ting] the trial court on notice that further discovery pertaining to the summary judgment motion is being sought; and (iii) demonstrating to the trial court specifically how the requested discovery pertains to the pending motion"), *cert. denied*, 508 U.S. 910 (1993).

The summary judgment is reviewed *de novo*, applying the same standard used by the district court. ***Shields***, 389 F.3d at 149. Such judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law". FED. R. CIV. P. 56(c); *see **Celotex Corp. v. Catrett***, 477 U.S. 317, 322-23 (1986). Where the non-movant will ultimately bear the burden of production at trial, "the movant must merely demonstrate an absence of evidentiary support in the record for the non-movant's case". ***Shields***, 389 F.3d at 149 (internal citation and quotation marks omitted). (In addition to age and race discrimination, Evans claimed retaliation. He does

3

*not* address this claim in his brief to our court; therefore, it is waived. **Yohey v. Collins**, 985 F.2d 222, 224-25 (5th Cir. 1993).)

Evans has not provided any direct evidence of age or race discrimination, nor can his allegations withstand the burden-shifting test of **McDonnell Douglas Corp. v. Green**, 411 U.S. 792, 802-04 (1973) (requiring (1) a plaintiff to show a *prima facie* case of race discrimination; (2) shifting the burden to the defendant to provide a nondiscriminatory reason for the termination; and (3) shifting the burden back to the plaintiff to show the alleged nondiscriminatory reason was a mere pretext). *See, e.g.*, **Machinchick v. PB Power, Inc.**, 398 F.3d 345, 350-51 (5th Cir. 2005) (age discrimination). Even assuming Evans' unsupported allegations of age and race discrimination constituted a *prima facie* case of discrimination (as the district court did), IBM has provided evidence of a nondiscriminatory reason for his termination. Evans has not shown any evidence suggesting this reason was a mere pretext. **McDonnell Douglas Corp.**, 411 U.S. at 802-04. In sum, no genuine issue of material fact exists; the summary judgment was proper.

Finally, IBM moves for appellate sanctions under Federal Rule of Appellate Procedure 38. They are appropriate where an appeal is frivolous and, as here, the party seeking sanctions has "separately filed [a] motion or notice". FED. R. APP. P. 38. IBM cites **Trowbridge v. Comm'r of Internal Revenue**, 378 F.3d 432 (5th Cir.

4

2004), where our court imposed sanctions after the district court had imposed sanctions against a *pro se* litigant whose claims were "institut[ed] and maintain[ed] ... primarily for delay". *Id.* at 432; *see* **Buck v. United States**, 967 F.2d 1060, 1062 (5th Cir. 1992) ("[A] frivolous appeal is an appeal in which 'the result is obvious or the arguments of error are wholly without merit.'") (alteration in original) (quoting **Montgomery v. United States**, 933 F.2d 348, 350 (5th Cir. 1991)); **Corpus Christi Taxpayer's Ass'n v. City of Corpus Christi**, 858 F.2d 973, 977 (5th Cir. 1988) (concluding "that the ... appeal involve[d] legal points not arguable on their merits, and that the appeal was accordingly frivolous"). Evans' appeal is not so without merit as to warrant sanctions.

**AFFIRMED; SANCTIONS DENIED**