T.C. Summary Opinion 2006-88

UNITED STATES TAX COURT

LAMPANH AND SYKHANE PCHAN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7640-05S.                    Filed May 25, 2006.

Lampanh and Sykhane Pchan, pro sese.

Thomas L. Fenner, for respondent.


DEAN, Special Trial Judge:  This case was heard pursuant to
the provisions of section 7463.  Unless otherwise indicated, all
section references are to the Internal Revenue Code in effect for
the years in issue, and all Rule references are to the Tax Court
Rules of Practice and Procedure.  The decision to be entered is
not reviewable by any other court, and this opinion should not be
cited as authority.

Respondent determined the following deficiencies in petitioners' Federal income taxes and penalties for 2002 and 2003:

| Year | Deficiency | Penalty Sec. 6662 |
|------|-----------|-------------------|
| 2002 | $6,423 | $1,284.60 |
| 2003 | 6,702 | 1,340.40 |

The issues for decision are whether petitioners: (1) Are entitled to deductions they claimed on Schedules C, Profit or Loss From Business, for 2002 and 2003, in excess of those allowed by respondent, and (2) are liable for accuracy-related penalties under section 6662(a).

## Background

The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. At the time the petition in this case was filed, petitioners resided in Houston, Texas.

Lampanh Pchan (petitioner) was employed as a machinist at all relevant times. For 2002 and 2003, petitioners jointly filed Forms 1040, U.S. Individual Income Tax Return, which were prepared by a tax return preparer. In addition to his regular employment, petitioner operated his own business. On the 2002 Schedule C for that business, petitioner reported both gross receipts and gross income of $14,175, car and truck expenses of $17,739, and other expenses of $10,101. On the 2003 Schedule C,

petitioner reported both gross receipts and gross income of $26,656, car and truck expenses of $17,181, and other expenses of $7,085.

During the examination of the tax returns, petitioner did not present any documentation for the car and truck expenses. Respondent's examining agent, however, accepted petitioner's representation that petitioner drove from his place of employment to his Schedule C activity at the rate of 4 miles per day, 6 days a week.  Petitioner was accordingly allowed deductions for car and truck expenses of $455 for 2002, and $449 for 2003, based on the applicable standard mileage rates for those years.

With respect to other expenses deducted on the Schedules C, the only evidence presented during examination was an earnings statement for the period ending December 15, 2002.  The earnings statement indicated that "receivables" of $1,754.10 and the cost of tools of $118.21 were withheld from petitioner's paycheck. The examining agent accepted petitioner's explanation that the withheld amounts represented money that petitioner borrowed from his employer to pay for a computer and tools.  Petitioner was allowed deductions for other expenses of $1,872 for each of 2002 and 2003.

Respondent issued to petitioner statutory notices of deficiency for 2002 and 2003 determining that petitioner failed

to substantiate his claimed deductions, in excess of those allowed by respondent, and that petitioner was liable for section 6662(a) accuracy-related penalties due to substantial understatements of income tax.

## Discussion

The Commissioner's determinations are presumed correct, and generally taxpayers bear the burden of proving otherwise.[1]  Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Tax deductions are a matter of legislative grace with a taxpayer bearing the burden of proving entitlement to the deductions claimed.  Rule 142(a)(1); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).

Section 162 allows a deduction for "all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business".  Taxpayers bear the burden of substantiating the amount and purpose of any claimed deduction. See Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).  A taxpayer is required to maintain sufficient records to establish that he is entitled to the claimed deductions.  Sec. 6001; Higbee v. Commissioner, 116

---

[1]Petitioner has not raised the issue of sec. 7491(a), which shifts the burden of proof to the Commissioner in certain situations.  This Court concludes that sec. 7491 does not apply because petitioner has not produced any evidence that establishes the preconditions for its application.

T.C. 438, 440 (2001); sec. 1.6001-1(a), Income Tax Regs; see also secs. 274(d), 280F(d)(4).

At trial, petitioner failed to offer any evidence to substantiate the car and truck expense deductions claimed on the Schedules C.

As for the substantiation of other expenses on the Schedules C, petitioner relied on an earnings statement for the period ending December 15, 2002, which respondent had already examined and accounted for in the statutory notice of deficiency. Petitioner testified that he did not maintain any records or receipts for his other expenses. Although tools were a large component of petitioner's other expenses, petitioner claimed that he lacked documentation, because the tools were paid for in cash and purchased from friends and coworkers.

Petitioner, instead, presented copies of invoices, receipts, and sales contracts from 2005, which he contends were the same type of expenses that he paid in 2002 and 2003. These documents, however, are not relevant, because they fail to substantiate the amount of other expenses that petitioner may have paid in 2002 and 2003.

The Court sustains respondent's determination that petitioner is not entitled to Schedule C deductions for car and truck expenses, and other expenses in excess of the amounts allowed by respondent.

Accuracy-Related Penalty

Section 7491(c) imposes the burden of production in any court proceeding on the Commissioner with respect to the liability of any individual for penalties and additions to tax. Higbee v. Commissioner, supra at 446; Trowbridge v. Commissioner, T.C. Memo. 2003-164, affd. 378 F.3d 432 (5th Cir. 2004).  In order to meet the burden of production under section 7941(c), the Commissioner must come forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty. Higbee v. Commissioner, supra.

Pursuant to section 6662(a), a taxpayer may be liable for a penalty of 20 percent of the portion of an underpayment of tax (1) due to negligence or disregard of rules or regulations, or (2) attributable to a substantial understatement of income tax. See sec. 6662(b)(1) and (2); see also DeCleene v. Commissioner, 115 T.C. 457, 476 (2000).  A substantial understatement of tax exists if the amount of the understatement of tax exceeds the greater of 10 percent of the tax required to be shown on the tax return, or $5,000.  See sec. 6662(d)(1)(A).

Respondent has met his burden of production, because he has shown that petitioner has mathematically understated his income tax liability within the meaning of section 6662(d)(1)(A).

Once the Commissioner meets his burden of production, the taxpayer must come forward with evidence sufficient to persuade

the Court that the Commissioner's determination is incorrect. Higbee v. Commissioner, supra at 446-447.

The accuracy-related penalty is not imposed with respect to any portion of the understatement as to which the taxpayer acted with reasonable cause and in good faith. See sec. 6664(c)(1). The decision as to whether the taxpayer acted with reasonable cause and in good faith depends upon all the pertinent facts and circumstances. See sec. 1.6664-4(b)(1), Income Tax Regs. Generally, the most important factor is the extent of the taxpayer's efforts to evaluate his proper tax liability. Id.

The taxpayer, generally, must bear the consequences of any negligent errors committed by his or her agent. Pritchett v. Commissioner, 63 T.C. 149, 173-175 (1974); Ellwest Stereo Theatres v. Commissioner, T.C. Memo. 1995-610. For a taxpayer to rely reasonably upon advice so as to negate a section 6662(a) accuracy-related penalty determined by the Commissioner, the taxpayer must prove by a preponderance of the evidence that the taxpayer meets all of the following requirements: (1) The adviser was a competent professional who had sufficient expertise to justify reliance, (2) the taxpayer provided necessary and accurate information to the adviser, and (3) the taxpayer actually relied in good faith on the adviser's judgment. See Neonatology Associates, P.A. v. Commissioner, 115 T.C. 43, 99

(2000), affd. 299 F.3d 221 (3d Cir. 2002); <u>Ellwest Stereo Theatres v. Commissioner</u>, <u>supra</u>.

Petitioner contends that he relied on the tax return preparer to prepare his tax return and to ensure tax compliance since he has no knowledge of tax laws. Petitioner has not presented any evidence that he had provided necessary and accurate information to the preparer or that the preparer possessed sufficient relevant information or expertise to warrant petitioners' reliance on the preparer's judgment.

Respondent's determination that petitioners are liable for accuracy-related penalties under section 6662(a) is accordingly sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u> <u>for respondent</u>.