T.C. Summary Opinion 2011-133

UNITED STATES TAX COURT

JEFFREY GUNN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15834-09S.              Filed November 28, 2011.

Jeffrey Gunn, pro se.

<u>Daniel C. Munce</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code (Code) in effect for the year at

issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax of $21,613 for 2004. Respondent also determined an addition to tax for failure to file timely under section 6651(a)(1) of $2,271.50 and an accuracy-related penalty under section 6662(a) of $4,322.60 for 2004.

The issues for decision[1] are whether petitioner: (1) Had unreported capital gain income;[2] (2) is entitled to itemized deductions in excess of those respondent allowed; (3) is entitled to a deduction for a rent or lease expense on Schedule C, Profit or Loss From Business; (4) is entitled to deductions for supplies and repairs expenses on Schedule E, Supplemental Income and Loss (From rental real estate, royalties, partnerships, S corporations, estates, trusts, REMICs, etc.); (5) is liable for the addition to tax under section 6651(a)(1) for failure to file timely; and (6) is liable for the accuracy-related penalty under section 6662(a).

---

[1]Petitioner's liability for the alternative minimum tax is computational and should be resolved in accordance with the decision of the Court.

[2]Respondent's pretrial memorandum states that petitioner failed to report $22,038 in capital gain rather than the $71,711 determined in the notice of deficiency. The Court will treat this as a concession by respondent of the $49,673 difference.

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received in evidence are incorporated herein by reference. Petitioner resided in Pennsylvania when the petition was filed.

## Background

### Capital Gain

During the taxable year petitioner was employed as a mortgage application specialist for GMAC Mortgage Corp. (GMAC) and Doherty Employment Group, Inc., which was doing business as Superior Mortgage (Doherty Employment).[3] Petitioner also sold and rented refurbished properties.

Petitioner "had access to distressed properties" as a result of his employment. Petitioner's first acquisition in his pursuit of property rehabilitation and sales was the Walker Street property (Walker Street). Petitioner purchased Walker Street in 2000 for $43,000, financed by a loan from CTX Mortgage. He refinanced Walker Street in January 2001 with another loan from CTX Mortgage of $58,000, of which $45,099.32 was used to pay the original mortgage and $12,900.68 was received by petitioner as a cash payment.

---

[3]The nature of the relationship between the two entities is not clear from the record, the former having been described by the parties as a "PEO" for Superior Mortgage. Doherty Employment issued petitioner a Form W-2, Wage and Tax Statement, for the year.

Petitioner sold Walker Street on October 15, 2004, for $108,000. After paying closing costs that included taxes, settlement costs, a "seller credit", a "payoff of first Mortgage to Wachovia Bank" of $14,174.16, and a "payoff of second Mortgage to Bank of America" of $49,329.23, petitioner received at settlement a cash payment of $37,575.74. Petitioner presented a statement from Chase Bank addressed to him at his home address showing a payment to Chase Bank of $20,000 on December 6, 2004. Petitioner did not attach to his return a Schedule D, Capital Gain or Loss, but reported on line 13 of the return a capital gain of $20,001.

Itemized Deductions

Petitioner deducted on Schedule A, Itemized Deductions, unreimbursed employee business expenses of $12,842, of which $9,377 was for vehicle expenses and $3,465 was for other expenses, including meals and entertainment. The parties stipulated a letter, computer-generated spreadsheets, and copies of receipts related to the deductions.

The letter the parties stipulated was sent to the Internal Revenue Service (IRS) by the chief financial officer of Superior Mortgage. According to the letter, the types of expenses identified on petitioner's Form 2106, Employee Business Expenses, were a condition of his employment and "appear reasonable in amount and type (office supplies and postage)". The letter

further explains that although petitioner was not reimbursed for the listed expenses, he was reimbursed $2,100 for business mileage driven between January and July 2004.

## Schedule C Loss

Petitioner filed a Schedule C for G Family Construction LLC (G Family), as a home remodeling contractor. The Schedule C reported no gross receipts and only one deduction of $14,400 for the rental or lease of other business property. Petitioner, on Schedule E, reported $14,400 as rent received in respect of a single-family dwelling on Poquessing Avenue and deducted $17,741 in total expenses. The parties stipulated a document titled "Residential Lease" naming Joseph Gunn, petitioner's brother, as lessor and petitioner as lessee of the Poquessing Avenue property (Poquessing Avenue).

## Schedule E Supplies and Repairs

Petitioner deducted supplies and repairs expenses for three properties, Walker Street, Poquessing Avenue, and a property on South Maple Avenue (South Maple Avenue). Petitioner provided as substantiation for the expenses a computer listing for each category of expense for each property along with copies of various receipts and invoices, including those issued by his home remodeling company, G Family, and by his brother, Joseph Gunn.

## Discussion

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer has the burden of proving that those determinations are erroneous. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). In some cases the burden of proof with respect to relevant factual issues may shift to the Commissioner under section 7491(a). As petitioner did not argue or prove that the requirements of section 7491(a) have been met, the burden of proof does not shift to respondent.

## Capital Gain

The gain from the sale or other disposition of property is the excess of the amount realized over the adjusted basis of the property. Sec. 1001(a). Generally, a taxpayer's basis in property is the cost of the property. Sec. 1012. The amount realized on the sale or disposition is the amount of money received plus the fair market value of any property received. Sec. 1001(b). Petitioner's adjusted basis in Walker Street was $43,000 reduced by the amount of depreciation allowed or allowable under subtitle A.[4] Sec. 1016(a)(2).[5] The amount

---

[4]Petitioner deducted $992 of depreciation expense on Schedule E for 2004; respondent calculated depreciation and a basis reduction of $4,464 during petitioner's ownership of the property.

[5]Although sec. 1016(a) also provides for adjustments to
(continued...)

petitioner realized upon the sale of the property was $108,000, resulting in a gain of approximately $65,000.

Petitioner did not attach a Schedule D to his return but did report on line 13 a capital gain of $20,001. Petitioner deducted expenses on Schedule E for Walker Street for repairs of $1,265 for 2004 and alleges but has not shown that funds from the refinancing of the property were used for "major repairs" to the property. As an alternative, petitioner alleges that he is entitled to exclude the gain from the sale of Walker Street under section 121, exclusion of gain from sale of a principal residence. But petitioner failed to present any evidence of the factual prerequisites for the exclusion.

Respondent concedes, without explanation, however, that petitioner failed to report $22,038 in capital gain rather than the $71,711 determined in the notice of deficiency. Because of respondent's concession, the Court holds that petitioner must include in income additional capital gain of $22,038.

Itemized Deductions

Petitioner deducted as miscellaneous expenses on Schedule A expenses related to his employment as a mortgage application specialist for GMAC and Doherty Employment. Although the parties stipulated some items petitioner presented as substantiation for

---

[5](...continued)
basis for amounts chargeable to capital account, petitioner offered no evidence of such expenditures.

his deductions, respondent argues that many of the items are illegible, that the letter from one employer shows that he was reimbursed for business mileage expenses, and that he failed to produce from the other employer any statement of its reimbursement policy.

Deductions are strictly a matter of legislative grace, and a taxpayer bears the burden of proving entitlement to any deduction claimed.  Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934); Welch v. Helvering, supra at 115.  Moreover, taxpayers are required to maintain records that are sufficient to substantiate their deductions.  Sec. 6001.

Section 162 generally allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business.  Generally, no deduction is allowed for personal, living, or family expenses.  See sec. 262.  The taxpayer must show that any claimed business expenses were incurred primarily for business rather than personal reasons.  See Rule 142(a); Walliser v. Commissioner, 72 T.C. 433, 437 (1979).  To show that the expense was not personal, the taxpayer must show that the expense was incurred primarily to benefit his business, and there must have been a proximate relationship between the claimed expense and the business.  See Walliser v. Commissioner, supra at 437.

An employee's performance of services is a trade or business.  <u>Primuth v. Commissioner</u>, 54 T.C. 374 (1970).  An expense, however, is not deductible as ordinary and necessary to the extent that it was subject to reimbursement by the employer.  <u>Podems v. Commissioner</u>, 24 T.C. 21, 22-23 (1955); see also <u>Orvis v. Commissioner</u>, 788 F.2d 1406, 1408 (9th Cir. 1986), affg. T.C. Memo. 1984-533.

Petitioner provided copies of receipts showing the purchase in 2004 of $210.76 of postage stamps.  Copies of other receipts or documents were from such places as Gelfand's, Sears, Burlington Coat Factory, Staples, Walmart, Value City, and others.  Many of the receipts were illegible and the others were not, without further explanation, identifiable as relating to business expenses.

The other expenses petitioner deducted related to his employment were business transportation expenses.  Petitioner's only substantiation for his transportation expenses for the year was a computer printout listing dates, miles driven for business or for personal purposes,[6] and most often a truncated apparent destination point like Phila-Delco, Montg-Delco, 308 phila-trenton, or Phila-Bucs.

_____

[6]The printout lists for every date zero personal miles driven even though his Form 2106 shows 36,010 total miles driven and 25,005 business miles driven.

Certain business deductions as provided in section 274 are subject to strict rules of substantiation that supersede the doctrine in Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930), that allows the Court to estimate expenses in certain circumstances. See sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). Section 274(d) provides that no deduction shall be allowed with respect to: (a) Any traveling expense, including meals and lodging away from home; (b) any item related to an activity of a type considered to be entertainment, amusement, or recreation; or (c) the use of any "listed property", as defined in section 280F(d)(4)(A)(i), including any passenger automobile, unless the taxpayer substantiates certain elements.

For an expense described in one of the above categories, the taxpayer must substantiate by adequate records or sufficient evidence to corroborate the taxpayer's own testimony: (1) The amount of the expenditure or use; (2) the time and place of the expenditure or use; (3) the business purpose of the expenditure or use; and in the case of entertainment, (4) the business relationship to the taxpayer of the persons entertained. See sec. 274(d).

To meet the adequate records requirements of section 274, a taxpayer must maintain some form of records and documentary evidence that in combination are sufficient to establish each

element of an expenditure or use.  See sec. 1.274-5T(c)(2), Temporary Income Tax Regs., supra.  A contemporaneous log is not required, but corroborative evidence to support a taxpayer's reconstruction of the elements of an expenditure or use must have "a high degree of probative value to elevate such statement" to the level of credibility of a contemporaneous record.  Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

Not only does petitioner's evidence not meet the required standard; one of his employers confirmed that petitioner was reimbursed $2,100 for business mileage driven between January and July 2004.  Petitioner failed to produce the reimbursement policy of his other employer and is therefore unable to show that he incurred ordinary and necessary business transportation expenses for that employer.  See Podems v. Commissioner, supra at 22-23.

The Court finds that petitioner had deductible postal expenses of $210.76.  Except to the extent of petitioner's postal expenses, respondent's determination of petitioner's itemized deductions of unreimbursed employee business expenses is sustained.

Schedule C Loss

Petitioner filed a Schedule C for "G Family Construction LLC" as a home remodeling contractor.  Although the business includes the letters "LLC" in its name, the Court concludes that

by reporting his business activities on Schedule C of his Federal income tax return, petitioner is treating the business as a sole proprietorship for Federal income tax purposes.  See sec. 301.7701-3(b)(1)(ii), Proced. & Admin. Regs.  The Schedule C reported no gross receipts and only one deduction of $14,400 for the expense of the rental or lease of other business property. Petitioner, on Schedule E, reported $14,400 as rent received in respect of Poquessing Avenue and deducted $17,741 in total expenses associated with the property.  The parties stipulated a document titled "Residential Lease" naming Joseph Gunn, petitioner's brother, as lessor and petitioner as lessee of Poquessing Avenue.

Petitioner took the position in a letter to the IRS, stipulated by the parties, that his brother, Joseph Gunn, lived at Poquessing Avenue rent free and in return performed work there and elsewhere.  Petitioner, offering no evidence of fair rental value or the value of his brother's services, valued both the rental of the house and the labor of his brother, whose affiliation with G Family is unexplained, at $14,400.[7]

In the alternative petitioner argues that if the Schedule C rental expense is disallowed, there is nothing to "support" the

---

[7]Petitioner's brother's name is listed on some unsigned G Family correspondence as "General Manager" but there is no indication on the Schedule C that G Family had any employees during the year at issue.

equal amount of rental income reported for the property on Schedule E; it would be "an investment property" according to petitioner.

The Court accepts petitioner's invitation to treat the Schedule C loss and the Poquessing Avenue rental income as a nullity, and respondent's determination with respect to the Schedule C loss is sustained.

Schedule E Supplies and Repairs

Petitioner deducted supplies and repairs expenses for his three properties, Walker Street, South Maple Avenue, and Poquessing Avenue, and provided as substantiation a computer listing for each category of expense for each property, along with copies of receipts and invoices.  Some of the receipts are illegible, some receipts while legible do not contain sufficient information to determine the type of or purpose for the purchase, and some of the invoices and receipts are from G Family, petitioner's proprietorship, or his brother.  Although it is not apparent from the copies of the invoices and receipts which expenditure was made for a particular property, the putative totals can be "tied" to the amounts deducted for each property on the Schedule E.

Where a taxpayer has established that he has incurred an expense, failure to prove the exact amount of the otherwise deductible item may not be fatal.  Generally, unless precluded by

section 274, the Court may estimate the amount of such an expense and allow the deduction to that extent.  See Finley v. Commissioner, 255 F.2d 128, 133 (10th Cir. 1958), affg. 27 T.C. 413 (1956); Cohan v. Commissioner, 39 F.2d at 543-544.  Any inexactitude in the estimate by the Court is of the taxpayer's own making because of his failure to maintain proper business records.  See Cohan v. Commissioner, supra at 543-544.

The Court, having examined the documents petitioner submitted as evidence of his supplies and repairs expenses for the three properties on Schedule E, concludes that petitioner is entitled to deduct:  (1) Walker Street repairs expenses of $693 and supplies expenses of $3,163; (2) South Maple Avenue repairs expenses of $2,250 and supplies expenses of $245; and (3) Poquessing Avenue repairs expenses of $682 and supplies expenses of $140.  The Court has found above that there is no rental income for Poquessing Avenue for 2004.

Additions to Tax and Penalties

Section 7491(c) imposes on the Commissioner the burden of production in any court proceeding with respect to the liability of any individual for penalties and additions to tax.  Higbee v. Commissioner, 116 T.C. 438, 446 (2001); Trowbridge v. Commissioner, T.C. Memo. 2003-164, affd. 378 F.3d 432 (5th Cir. 2004).  In order to meet the burden of production under section 7491(c), the Commissioner need only make a prima facie case that

imposition of the penalty or addition to tax is appropriate.
Higbee v. Commissioner, supra at 446.

Section 6651(a)(1) Addition to Tax

The parties agree that petitioner filed his 2004 Federal income tax return on September 25, 2007.  Respondent has met his burden of production under section 7491(c) with respect to imposing the addition to tax under section 6651(a)(1).

It is petitioner's burden to prove that he had reasonable cause and lacked willful neglect in not filing the return timely. See United States v. Boyle, 469 U.S. 241, 245 (1985); Higbee v. Commissioner, supra at 446; sec. 301.6651-1(a)(2), Proced. & Admin. Regs.  Because petitioner failed to offer any evidence of reasonable cause and lack of willful neglect for his failure to file timely, respondent's determination that petitioner is liable for the addition to tax under section 6651(a)(1) is sustained.

Section 6662(a) Accuracy-Related Penalty

Respondent determined that for 2004 petitioner underpaid a portion of his income tax because of negligence or disregard of rules or regulations and that there was a substantial understatement of income tax.  Section 6662(a) and (b)(1) and (2) imposes a 20-percent penalty on the portion of an underpayment of tax attributable to any one of various factors, including negligence or disregard of rules or regulations and a substantial understatement of income tax.  "Negligence" includes any failure

to make a reasonable attempt to comply with the provisions of the Code, including any failure to keep adequate books and records or to substantiate items properly. See sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. A "substantial understatement" includes an understatement of income tax that exceeds the greater of 10 percent of the tax required to be shown on the return or $5,000. See sec. 6662(d); sec. 1.6662-4(b), Income Tax Regs.

Section 6664(c)(1) provides that the penalty under section 6662(a) shall not apply to any portion of an underpayment if it is shown that there was reasonable cause for the taxpayer's position and that the taxpayer acted in good faith with respect to that portion. The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. The most important factor is the extent of the taxpayer's effort to assess his proper tax liability for the year. Id.

Petitioner may have a substantial understatement of income tax for 2004 that would be determined by the computations of the parties. The Court, however, concludes that respondent has produced sufficient evidence of negligence to show that the accuracy-related penalty under section 6662 is appropriate for 2004. Petitioner failed to report capital gain income and failed

to keep adequate books and records or to substantiate properly items that he deducted.

The accuracy-related penalty will apply unless petitioner demonstrates that there was reasonable cause for the underpayment and that he acted in good faith with respect to the underpayment. See sec. 6664(c).  Section 1.6664-4(b)(1), Income Tax Regs., specifically provides:  "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all the facts and circumstances, including the experience, knowledge, and education of the taxpayer."

Petitioner did not show that there was reasonable cause for, and that he acted in good faith with respect to, the underpayment of tax for 2004.

Respondent's determination of the accuracy-related penalty under section 6662(a) for 2004 is sustained.

To reflect the foregoing,

Decision will be entered

under Rule 155.