T.C. Summary Opinion 2012-48

UNITED STATES TAX COURT

ANDREA MARIE HALL, a.k.a. ANDREA MARIE DARABASZ, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7699-10S.                    Filed May 22, 2012.

Andrea Marie Hall, a.k.a. Andrea Marie Darabasz, pro se.

Bradley C. Plovan and Arlene A. Blume, for respondent.

SUMMARY OPINION

DEAN, Special Trial Judge: This case was heard pursuant to the provisions
of section 7463 of the Internal Revenue Code in effect when the petition was filed.
Pursuant to section 7463(b), the decision to be entered is not reviewable by any
other court, and this opinion shall not be treated as precedent for any other case.
Unless otherwise indicated, subsequent section references are to the Internal

Revenue Code in effect for the year at issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined for 2008 a deficiency in petitioner's Federal income tax of $12,943 and an accuracy-related penalty under section 6662(a) of $2,588.60.

Petitioner concedes that she failed to report as income $5,280 received from Phoenix Realty & Associates and $18 received from "Police and Fire FCU" in 2008. Petitioner concedes that she had unreported "other income" determined by respondent's bank deposits analysis as reduced by respondent's concession of nontaxable deposits from Richmond American Homes and Traveler's Joy and wedding gifts of $2,530 received and deposited in 2008. Petitioner also concedes that she is not entitled to a deduction on Schedule E, Supplemental Income and Loss (From rental real estate, royalties, partnerships, S corporations, estates, trusts, REMICs, etc.), of $1,000 as an advertising expense.

Although petitioner filed her return as a single, unmarried individual, she and respondent agree that she was married during and at the close of 2008. Respondent concedes that petitioner is entitled to deduct on Schedule E an expense for mortgage interest of $14,147.16. Respondent concedes that petitioner is

entitled to deduct $4,239 in real estate taxes paid to Anne Arundel County, Maryland.

The issues remaining for decision are: (a) whether petitioner is entitled to deduct home mortgage interest in excess of that allowed or agreed to by respondent; (b) whether petitioner is entitled to deduct Schedule E expenses in excess of those allowed or agreed to by respondent; and (c) whether petitioner is liable for the accuracy-related penalty under section 6662(a).

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received in evidence are incorporated herein by reference. Petitioner resided in Maryland when the petition was filed.

## Background

Petitioner worked as a medical assistant during 2008. Petitioner married her husband, Daniel Hall, in May 2008, and they remained married at the time of trial.

Petitioner purchased her principal residence in February 2008. Petitioner deducted on Schedule A, Itemized Deductions, attached to her Federal income tax return for 2008, home mortgage interest of $36,432. Respondent received from seven financial institutions Forms 1098, Mortgage Interest Statement, reporting interest of $39,966 paid "in petitioner's name". One of the Forms 1098 was from Chase Home Finance/Amtrust Bank. Petitioner substantiated that she personally

made eight payments during the year on the mortgage. Another Form 1098 was received from Taylor, Bean & Whitiker Mortgage Corp. Respondent allowed with respect to the latter Form 1098 a mortgage interest deduction for "each verified monthly payment equal to one-twelfth of the total interest paid during the year". Petitioner's husband claimed no itemized deductions and did not report any Schedule E activity on his Federal income tax return for 2008.

Petitioner owned an interest in real estate other than her home in 2008 (property). The property was the subject of a failed installment land sale or "rent-to-own" agreement and a subsequent lease agreement in 2008. In addition to the real estate taxes respondent already conceded, petitioner paid $264.46 for water and waste water service at the property.

Discussion

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); see INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933). In some cases the burden of proof with respect to relevant factual issues may shift to the Commissioner under section 7491(a). Petitioner did not argue or present evidence that she satisfied the

requirements of section 7491(a). Therefore, petitioner bears the burden of proof with respect to the issues in the notice of deficiency.

Mortgage Payments

Respondent argues not that the home mortgage amounts were not paid on petitioner's mortgages, but rather that she has not shown evidence that she personally made each and every payment. Respondent asserts in his pretrial memorandum that he "separately verified" that petitioner made certain payments and as a result determined in the notice of deficiency that she was entitled to a home mortgage interest deduction of $9,423. The parties agree that petitioner has verified that she made home mortgage payments in addition to those respondent separately verified.

Respondent's counsel's position at trial was that the payments shown by petitioner "do not fully account for the mortgage interest reported on the 1098." Petitioner insisted that she made all the payments on her home mortgage but could not find all the evidence that would prove it. Where a taxpayer is unable to prove the exact amount of the otherwise deductible item, the Court may estimate the amount of such an expense and allow the deduction to that extent. Millikin v. Commissioner, 298 F.2d 830, 834-835 (4th Cir. 1962), aff'g T.C. Memo. 1959-210;

<u>Cohan v. Commissioner</u>, 39 F.2d 540, 543-544 (2d Cir. 1930); <u>Estate of Dickerson</u>

<u>v. Commissioner</u>, T.C. Memo. 1997-165.

The Court finds that petitioner's testimony along with the reasonable

inferences to be drawn from the facts and circumstances support her

deduction of home mortgage interest as reported on her Forms 1098.

<u>Schedule E Deductions</u>

The parties stipulated several documents, Exhibits 17-P through 24-P, related

to Schedule E deductions petitioner sought, to which respondent reserved various

objections.

<u>Payments to Anne Arundel County</u>

Exhibit 17-P is a stamped paid bill for $264.46 from Anne Arundel County

for water and waste water service.  Respondent reserved an objection to the

document because it was evidence of a deduction not shown on the return or raised

in the pleadings.  Respondent's counsel in announcing certain concessions stated

that as to the exhibit,  "there is no issue as to the evidence".  The Court treats

respondent's statement as a waiver of his objection and finds that petitioner is

entitled to the deduction.

Exhibit 18-P is a real estate tax bill of $4,239.53 paid to Anne Arundel

County.  Respondent objected to the document because it was evidence of a

deduction not shown on the return or raised in the pleadings. As respondent has concluded this item as a deduction related to the property, the Court will treat respondent as having waived his objection to the document. To the extent that respondent did not intend to waive his objection, it is overruled. See Rule 174(b).

### "Bad Debt" Deduction

Petitioner testified at trial that she suffered a bad debt loss on the property and that she should be allowed to deduct the bad debt on her Schedule E for 2008. She testified that she started renting the property in February of 2008, the renters "suddenly left the property without notice," yet she had to continue to make mortgage payments of $24,846. Petitioner presented Exhibits 19, 20, and 21-P to support her argument. Petitioner admits that the $24,846 "bad debt" includes the $14,200 of interest on the mortgage that she deducted and that respondent has agreed to. Certainly that portion of the proposed deduction is not allowable. Double deductions are not allowed absent the clear intent of Congress. United States v. Skelly Oil Co., 394 U.S. 678, 684 (1969); Charles Ilfeld Co. v. Hernandez, 292 U.S. 62, 68 (1934); Lang v. Commissioner, T.C. Memo. 2010-286. The balance of the mortgage payment, absent evidence to the contrary, would be for the acquisition of the property itself, a capital asset. Sec. 1221. Generally, no deduction is allowed for capital expenditures. Sec. 263(a). In any event, debts

arising from unpaid rents are not allowable as a bad debt deduction unless the rental income has been included on the return for the year or a prior taxable year. Sec. 1.166-1(e), Income Tax Regs. Petitioner has not shown that she included any uncollected rent for the property in income for any year.

Whether or not the Court admits petitioner's documents, her legal position is untenable. She is not entitled to a bad debt deduction of $24,846 on Schedule E for 2008.

Mortgage Expenses

Respondent conceded that petitioner is entitled to deduct the Schedule E mortgage expenses evidenced by Exhibits 22, 23, and 24-P, and the Court treats his reserved objections to the exhibits as waived.

Accuracy-Related Penalty

Section 7491(c) imposes on the Commissioner the burden of production in any court proceeding with respect to the liability of any individual for penalties and additions to tax. Higbee v. Commissioner, 116 T.C. 438, 446 (2001); Trowbridge v. Commissioner, T.C. Memo. 2003-164, aff'd, 378 F.3d 432 (5th Cir. 2004). In order to meet the burden of production under section 7491(c), the Commissioner need only make a prima facie case that imposition of the penalty or the addition to tax is appropriate. Higbee v. Commissioner, 116 T.C. at 446. Petitioner, although

married, filed as a single person and failed to report specific items of income as well as income determined using an indirect method.

The Court concludes that respondent has produced sufficient evidence to show that the accuracy-related penalty under section 6662(b)(1)[1] is appropriate for 2008.

Section 6662(a) and (b)(1) and (2) imposes a 20% penalty on the portion of an underpayment of tax attributable to negligence or disregard of rules or regulations and a substantial understatement of income tax. "Negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, including any failure to keep adequate books and records or to substantiate items properly. See sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs.

Section 6664(c)(1) provides that the penalty under section 6662(a) shall not apply to any portion of an underpayment if it is shown that there was reasonable cause for the taxpayer's position and that the taxpayer acted in good faith with respect to that portion. The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into

---

[1]Because the Court finds that petitioner was negligent, the other bases for the application of the penalty will not be discussed. See sec. 1.6662-2(c), Income Tax Regs.

account all the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs.

Section 1.6664-4(b)(1), Income Tax Regs., specifically provides: "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all the facts and circumstances, including the experience, knowledge, and education of the taxpayer." The most important factor is the extent of the taxpayer's effort to assess his proper tax liability for the year. Id.

Petitioner offered no argument or evidence to show that there was reasonable cause for and that she acted in good faith with respect to the underpayment.

Respondent's determination of the accuracy-related penalty under section 6662(a) for 2008 is sustained.

To reflect the foregoing,

Decision will be entered

under Rule 155.