**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1861
_____

RANDALL JENNETTE,
                    Appellant

v.

COMMISSIONER OF INTERNAL REVENUE
_____

On Appeal from the United States Tax Court
(Tax Court No. 16-12713)
Tax Court Judge: Robert P. Ruwe
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 15, 2018

Before: CHAGARES, BIBAS and GREENBERG, Circuit Judges

(Opinion filed: November 6, 2018)
_____

OPINION[*]
_____

PER CURIAM

        Randall Jennette appeals pro se from the final order of the United States Tax

Court.  For the reasons detailed below, we will affirm.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In 2012 and 2014, the Internal Revenue Service (IRS) imposed penalties against Jennette for filing frivolous tax returns, and in 2012, the IRS also assessed an unpaid tax liability. In an effort to collect, the IRS issued a notice of intent to levy. After proceedings not relevant here, the IRS Office of Appeals issued a supplemental notice of determination sustaining the levy notice.

Jennette challenged the supplemental notice in the Tax Court. He argued that: 1) the IRS is a corporate entity unlawfully seeking to compel performance under its corporate rules; 2) federal tax law can only be applied under admiralty or maritime jurisdictions; 3) the Uniform Commercial Code (UCC) provides a defense against the IRS under negotiable instruments law; and 4) Jennette is a secured creditor of the Secretary of the Treasury. The Tax Court granted the Commissioner's motion for summary judgment. The Tax Court concluded that Jennette did "not directly address respondent's determination to sustain the levy," and instead raised only "tax protester type arguments," which the Court declined to "painstakingly address." Tax Court Op. at 10. Jennette appealed.

We have jurisdiction pursuant to 26 U.S.C. § 7482(a)(1). We review the Tax Court's factual findings for clear error, and exercise plenary review of its conclusions of law. PNC Bancorp v. Comm'r, 212 F.3d 822, 827 (3d Cir. 2000). Where, as here, the underlying tax liability is not in issue, the determination of the IRS Office of Appeals in a collection due process (CDP) hearing is reviewed by both the Tax Court and the Court of Appeals for abuse of discretion. See Kindred v. Comm'r, 454 F.3d 688, 694 (7th Cir. 2006); Living Care Alts. of Utica v. United States, 411 F.3d 621, 625-27 (6th Cir. 2005).

At the outset, we note that Jennette has not challenged the tax or penalty assessments or the CDP procedures in either of the briefs he has filed in this case. Therefore, as the Commissioner argues, Jennette has waived any claims concerning these decisions. See, e.g., In re Surrick, 338 F.3d 224, 237 (3d Cir. 2003).

In Jennette's two briefs, which both cover largely the same ground, he seems to argue that federal courts' jurisdiction is limited to admiralty or maritime law, that the UCC provides him with defenses against the IRS, that the Tax Court should have accorded res judicata effect to a judgment he obtained in state court, that he must have entered into a contract with the federal government for the IRS to have the authority to tax him, and that he has been falsely imprisoned. These arguments lack merit.

First, contrary to Jennette's assertions, the jurisdiction of federal courts is not limited to admiralty and maritime law. See United States v. Saunders, 951 F.2d 1065, 1068 (9th Cir. 1991). Further, the UCC provides no defense against federal tax collection. United States v. Union Cent. Life Ins. Co., 368 U.S. 291, 293–94 (1961); see also In re Spearing Tool & Mfg. Co., 412 F.3d 653, 657 (6th Cir. 2005). His res judicata argument fails both because his state case involved different parties and because judgment was ultimately entered against him in that case. See In re Iulo, 766 A.2d 335, 337 (Pa. 2001) (listing elements of res judicata); Jennette v. Commonwealth, No. 1394 MDA 2017 (Pa. Super. Ct. January 31, 2018). Finally, Jennette's assertion that he did not enter into a contract with the United States and thus is not subject to its taxing authority is a frivolous tax-protester argument. See, e.g., Trowbridge v. Comm'r, 378 F.3d 432, 432–33 (5th Cir. 2004) (per curiam); see generally Sauers v. Comm'r, 771 F.2d

3

64, 66 (3d Cir. 1985) (concluding that appellant's arguments, "typical of those asserted by 'tax protesters,'" were "patently frivolous."); IRS Notice 2010-33, 2010-17 I.R.B. 609 (2010) (identifying common "frivolous positions").[1]

 Accordingly, we will affirm the judgment of the Tax Court.

---

[1] To the extent that Jennette raises issues relating to his incarceration, a Tax Court action is not the proper vehicle for his concerns. Cf. Preiser v. Rodriguez, 411 U.S. 475, 490 (1973) (explaining that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement").